**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil No. 1:13-cv-1295

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NELSON P. TODD; and ANDREA W. TODD; | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] SCHEDULING ORDER**

**1.   DATE OF CONFERENCE AND APPEARANCES OF
COUNSEL AND *PRO SE* PARTIES**

Pursuant to the Court's Order entered on May 20, 2013 (Dkt. # 5) and modified on

September 30, 2011 (Dkt. # 15), the following parties held a telephonic conference on Thursday,

August 15, 2013. Present at the telephonic conference were:

Kevin A. Planegger, Attorney for Nelson P. Todd and Andrea W. Todd
Merriam Law Firm, P.C.
1625 Broadway, #770
Denver, CO 80202
Phone: (303) 592-5404

Colin C. Sampson, Attorney for the United States of America
Tax Division, United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20001
Phone: (202) 514-6062

## 2. STATEMENT OF JURISDICTION

The United States asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403. Defendants admit jurisdiction of this Court over this matter.

## 3. STATEMENT OF CLAIMS AND DEFENSES

    a. *Plaintiff (United States of America)*:

The United States seeks a judgment for the unpaid joint federal income tax liabilities of Defendants Nelson P. Todd and Andrea W. Todd, husband and wife, for the years 2002 through 2005 and 2010, in the amount of $319,426.55, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since May 1, 2013, as well as costs and such other relief as the Court deems just and proper.

    b. *Defendants Nelson P. Todd and Andrea W. Todd*:

Defendants Nelson P. Todd and Andrea W. Todd assert the following defenses:

1. The United States fails to state a claim;
2. Defendants do not owe the full amount of the tax assessed;
3. Plaintiff has failed to credit all payments by Defendants;
4. Andrea Todd is entitled to relief under 26 U.S.C. §§ 6015(b), (c) and/or (f) and is not liable for any unpaid joint liability.
5. The United States' claim is barred by statute of limitation, waiver, estoppel, and/or laches.

## 4.   UNDISPUTED FACTS

1. Nelson P. Todd and Andrea W. Todd have been married since before the year 2002 and have resided in Colorado since at least 2001.

2. Nelson P. Todd and Andrea W. Todd filed a joint federal income tax return (Form 1040) for the tax year 2002, reporting tax due of $34,286.00. The Internal Revenue Service first assessed the Todds with unpaid federal income taxes for 2002 on June 2, 2003.

3. Nelson P. Todd and Andrea W. Todd filed a joint Form 1040 for the tax year 2003, reporting tax due of $50,911.00. The Internal Revenue Service first assessed the Todds with unpaid federal income taxes for 2003 on July 26, 2004.

4. Nelson P. Todd and Andrea W. Todd filed a joint Form 1040 for the tax year 2004, reporting tax due of $95,168.00. The Internal Revenue Service first assessed the Todds with unpaid federal income taxes for 2004 on November 21, 2005.

5. Nelson P. Todd and Andrea W. Todd filed a joint Form 1040 for the tax year 2005, reporting tax due of $1,615.00, which was paid. The Internal Revenue Service first assessed the Todds with additional interest and penalties for 2005 on November 27, 2006.

6. Nelson P. Todd and Andrea W. Todd filed a joint Form 1040 for the tax year 2010, reporting tax due of $2,257.00. The Todds were credited with $114.00 in withholding, a $248.00 earned income credit, and an $800.00 refundable credit for 2010. The Internal Revenue Service first assessed the Todds with the balance of unpaid federal income taxes, penalties, and interest for 2010 on November 21,

2011.

7. On or about January 8, 2013, an employee of the Internal Revenue Service recorded a Notice of Federal Tax Lien with the Hawaii Bureau of Conveyances against Defendants Nelson P. Todd and Andrea W. Todd, for unpaid federal income taxes assessed against them for the tax years 2002 through 2005 and 2010.

### 5. COMPUTATION OF DAMAGES

The United States seeks a judgment for the unpaid joint federal income tax liabilities of Defendants Nelson P. Todd and Andrea W. Todd, husband and wife, for the years 2002 through 2005 and 2010, in the amount of $319,426.55, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since May 1, 2013, as well as costs and such other relief as the Court deems just and proper.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. *Date of Rule 26(f) meeting*:

Pursuant to the Court's Order entered on May 20, 2013 (Dkt. # 5), counsel for Nelson P. Todd and Andrea W. Todd and counsel for the United States of America held a telephonic conference on August 15, 2013.

b. *Names of each participant and party he/she represented*:

Present at the telephonic conference were:

> Kevin A. Planeger, Attorney for Nelson P. Todd and Andrea W. Todd
> Merriam Law Firm, P.C.

        Colin C. Sampson, Attorney for the United States of America
        Tax Division, United States Department of Justice

    c.    *Statement as to when Rule 26(a)(1) disclosures were made or will be made*:

Pursuant to Fed. R. Civ. P. 26(a)(1)(C) and the Court's Order entered on May 20, 2013 (Dkt. # 5), the parties will exchange disclosures under Fed. R. Civ. P. 26(a)(1) no later than Thursday, August 29, 2013.

    d.    *Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)*:

No changes are proposed.

    e.    *Statement concerning any agreements to conduct informal discovery*:

No agreements have been entered between the parties with regard to informal discovery.

    f.    *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system*:

No other agreements exist at this time.

    g.    *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form*:

The parties do not anticipate that discovery will involve extensive electronically stored information. The parties do not anticipate that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    h.    *Statement summarizing the parties' discussions regarding promptly settling or resolving the case*:

Although no formal offers of settlement or other prompt resolution of this matter have

been extended, the parties are willing to discuss the possibility of resolving this matter without the Court's involvement. The parties anticipate that some formal discovery may be necessary before the parties can evaluate the potential for settlement, however.

### 7. CONSENT

The parties have not unanimously consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    a. *Modifications which any party proposes to the presumptive number of depositions or interrogatories contained in the Federal Rules*:

No modification of the presumptive number of depositions (10) or interrogatories (25) contained in Fed. R. Civ. P. 30(a)(2)(A)(I) and 33(a)(1) is requested at this time.

    b. *Limitations which any party proposes on the length of depositions*:

No modification of the presumptive length of depositions (one day of seven (7) hours) contained in Fed. R. Civ. P. 30(d)(1) is requested at this time.

    c. *Limitations which any party proposes on the number of requests for production and/or requests for admission*:

The parties do not request at this time, pursuant to Fed. R. Civ. P. 26(b)(2)(C), that the Court allow more than twenty-five (25) requests for admission and twenty-five (25) requests for admission to be issued to each party by the requesting party.

    d. *Other Planning or Discovery Orders*:

No other planning or discovery orders are requested at this time. No opposed discovery

motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

## 9. CASE PLAN AND SCHEDULE

a. *Deadline for Joinder of Parties and Amendment of Pleadings*:

**Thursday, November 14, 2013.**

b. *Discovery Cut-off*:

**Friday, March 14, 2014.**

c. *Dispositive Motion Deadline*:

**Friday, April 25, 2014.**

d. *Expert Witness Disclosure*:

1. The parties shall identify anticipated fields of expert testimony, if any: **The parties reserve the right to identify appropriate expert witnesses by the date set forth in this order**.

2. Limitations which the parties propose on the use or number of expert witnesses: **Each party shall be limited to no more than 2 expert witnesses**.

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **Friday, January 31, 2014**.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **Monday, February 17, 2014**.

e. *Identification of Persons to be Deposed*:

1. Nelson P. Todd (7 hours);

      2.      Andrea W. Todd (7 hours);

      3.      Ambrose A. S. Wong (4 hours);

      4.      Avis Takamatsu (4 hours); and

      5.      Other witnesses with knowledge of the Todds' income for the years 2002 through 2005 and 2010, if identified.

The parties do not have any depositions scheduled at this time, but will comply with the notice and scheduling requirements set forth in D.C.COLO.LCivR 30.1. The parties reserve the right to identify other deponents as they become necessary within the discovery period provided.

    f.    *Deadline for Interrogatories*:

        **Wednesday, February 12, 2014**.

    g.    *Deadline for Requests for Production of Documents and/or Admissions*:

        **Wednesday, February 12, 2014**.

## 10.   DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times: _____.

    b.    A final pretrial conference will be held in this case on _____ at _____ o'clock ____.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.   OTHER SCHEDULING MATTERS

    a.    *Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement*:

None to report.

    b.  *Anticipated length of trial and whether trial is to a court or jury*:

No party has requested a trial by jury in this matter. The parties estimate that trial to the Court without a jury on the foreclosure claim will take approximately 2 days.

    c.  *Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado*:

The parties do not anticipate that any pretrial proceedings will be more efficiently or more economically conducted in the District Court's facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C. COLO. L. Civ. R. 6.1D. By submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO. L. Civ. R. 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy

of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 4th day of September, 2013.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

KATHRYN KENEALLY
Assistant Attorney General

 */s/ Colin C. Sampson*
COLIN C. SAMPSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for the United States of America*


 */s/ Kevin A. Planegger* (approved 8/26/2013)
THEODORE H. MERRIAM
KEVIN A. PLANEGGER,
Merriam Law Firm, P.C.
1625 Broadway, #770
Denver, CO 80202
Phone: (303) 592-5404

*Attorneys for Nelson P. Todd and Andrea W. Todd*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing **[PROPOSED]**

**SCHEDULING ORDER** has been made this 4th day of September, 2013, by Certified United

States Mail addressed to:

    Theodore H. Merriam
    Kevin A. Planegger
    Merriam Law Firm, P.C.
    1625 Broadway, #770
    Denver, CO 80202

    *Attorneys for Nelson P. Todd and Andrea W. Todd*

                                                 */s/ Colin C. Sampson*
                                              COLIN C. SAMPSON
                                              Trial Attorney, Tax Division